UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DeJuan Ford,<br><br>     Petitioner,<br><br>v.<br><br>Warden Fikes,<br><br>     Respondent. | Case No. 20-cv-00238 (PAM/HB)<br><br>**REPORT AND RECOMMENDATION** |

DeJuan Ford, FCI Sandstone F-Unit, P.O. Box. 1000, Sandstone, MN 55072, *pro se*

Ana H. Voss, Ann M. Bildtsen, and Chad A. Blumenfield, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondent

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on Petitioner DeJuan Ford's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner asserts that the United States Bureau of Prisons ("BOP") miscalculated his sentence and failed to give him credit toward his current term of federal imprisonment for time he spent in state custody prior to commencement of his federal sentence. (Pet. at 2–3.)[1] Respondent Warden Fikes opposes the petition [Doc. No. 7]. The case has been referred to the undersigned for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636 and D. Minn. LR

---

[1] For all docket entries cited herein, the Court refers to the page numbers assigned by the CM/ECF system, located at the top right of each page.

72.1. For the reasons set forth below, the Court recommends that the petition be denied.

## I.     Background

Petitioner DeJuan Ford is incarcerated at the Federal Correctional Institution ("FCI") in Sandstone, Minnesota. He is serving a 120-month term of imprisonment and has a projected release date of July 12, 2023, via good conduct time release. (Crowe Decl. ¶ 25 [Doc. No. 8].) He is seeking credit toward his sentence for time spent in federal custody from June 19, 2013, through February 9, 2015,[2] pursuant to a writ of habeas corpus *ad prosequendum*.

### A.     Relevant Facts and Proceedings

On February 11, 2011, Petitioner was arrested by Missouri state authorities for drug trafficking and was held in custody for violating his probation on a conviction of possession of controlled substance. (Crowe Decl. ¶ 5; Pet. Ex. 1 at 2 [Doc. No. 1-1].) On March 21, 2011, Petitioner's probation was revoked, and he was sentenced to a four-year term of imprisonment by a Missouri state court. (Crowe Decl. ¶ 6.) Petitioner was transferred on March 23, 2011, to the Missouri Department of Corrections ("MDOC") to commence the four-year state sentence. (Crowe Decl. ¶ 7.) On April 7, 2011, Petitioner was sentenced on the Missouri drug trafficking charge to a ten-year term of imprisonment. (Crowe Decl. ¶ 8.) The sentence was ordered to run concurrent with the four-year state sentence. (*Id.*)

On June 19, 2013, Petitioner was taken into federal custody by the United States

---

[2] Petitioner actually seeks credit through February 10, 2015, but February 10, 2015, has already been credited toward his federal sentence. (Crowe Decl. ¶ 18.)

Marshals Service ("USMS") pursuant to a federal writ of habeas corpus *ad prosequendum*. (Crowe Decl. ¶ 9 & Ex. D.) On December 21, 2014, while in federal custody on the writ, Petitioner was paroled from the four-year state sentence but remained in state custody on the ten-year state sentence. (Crowe Decl. ¶ 10 & Ex. B.) On February 10, 2015, Petitioner was sentenced in federal court by the United States District Court for the Western District of Missouri to a 120-month term of imprisonment for conspiracy to distribute cocaine base and cocaine. (Crowe Decl. ¶ 11 & Ex. F.) The federal sentence was ordered to run concurrent with the ten-year state sentence, with credit for time served in federal custody. (Crowe Decl. ¶ 11 & Ex. F.) The sentencing court also stated an intent to give Petitioner "credit towards the serving of this sentence for the time you have been held in custody, in federal custody." (Pet. Ex. 3 at 5 [Doc. No. 1-3].) The court clarified it was "giv[ing] credit for the time he's been in federal custody when they arrested him"—specifically, the two years since he was taken into federal custody on the writ. (*Id.*)

On February 13, 2015, Petitioner was returned to state custody to complete his ten-year sentence. (Crowe Decl. ¶ 12.) Petitioner was paroled from state custody on February 27, 2015, and released to federal custody to serve the remainder of his 120-month federal sentence. (Crowe Decl. ¶ 12.)

The BOP computed Petitioner's 120-month federal sentence as follows. The BOP considered the sentence commenced on February 10, 2015, the date it was imposed. (Crowe Decl. ¶ 18.) This was consistent with BOP Program Statement 5880.28, which provides that a federal sentence commences on the date a defendant is taken into custody

3

for transportation to the facility where the sentence will be served, and that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."  (Crowe Decl. ¶¶ 13–14 (citing Program Statement 5880.28).)  The BOP also considered, however, that a defendant is entitled to credit for time spent in official detention before the sentence commences either (1) "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed" or (2) "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed."  (Crowe Decl. ¶ 15 & Ex. H.)  The BOP considers time spent serving another sentence precluded from credit toward service of a federal sentence.  (Crowe Decl. ¶ 15 (citing Program Statement 5880.28).)  Specifically with respect to time spent out of state custody on a federal writ of habeas corpus *ad prosequendum*, the BOP does not credit that time toward a federal sentence.  (Crowe Decl. ¶ 15 (Citing Program Statement 5880.28).)

As Respondent concedes, Petitioner has exhausted his administrative remedies.  (Resp't's Resp. at 4 [Doc. No. 7]; Pet. Ex. 1 [Doc. No. 1-1].)

### B.    The Arguments of the Parties

Petitioner asserts that the federal sentencing court explicitly ordered that Petitioner be credited with all time spent in federal custody since his arrest on the federal charges but that the BOP failed to comply with the court order.  Petitioner argues this results in an additional two years of time he must serve for his federal sentence.  Petitioner asks the Court to direct the BOP to recalculate his sentence or to reduce his sentence by an equivalent amount of days.

Respondent asks the Court to deny the petition on the ground that the timeframe at issue cannot be credited to his federal sentence, as it would contravene 18 U.S.C. § 3585(a)-(b). (Resp't's Resp. at 1.)

## II.   Discussion

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A prisoner may challenge the execution of his sentence through a § 2241 petition filed in the district where he is incarcerated.  *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).

### A.   Jurisdiction

A federal court has jurisdiction to adjudicate a § 2241 petition as long as two requirements are met: (1) the petitioner is "in custody," and (2) the custody violates "the Constitution or laws or treaties of the United States."  *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see* 28 U.S.C. § 2241(c)(3).  Here, Petitioner is in custody, and he has challenged the duration of his confinement.  Accordingly, the Court has jurisdiction over the petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Archuleta v. Hedrick*, 365 F.3d 644, 647 (8th Cir. 2004).

### B.   The BOP's Computation of Petitioner's Sentence

The computation of federal sentences is governed by 18 U.S.C. § 3585 for offenses committed after November 1, 1987.  The statute defines both when a federal sentence commences and the circumstances under which a defendant is entitled to credit for time spent in custody before the sentence commences.  18 U.S.C. § 3585(a), (b).  The

BOP—not the sentencing court—has the responsibility to determine how much credit a defendant should receive for time spent in custody before the federal sentence commenced. *United States v. Wilson,* 503 U.S. 329, 333–35 (1992).

### 1. A Sentence Cannot Commence Before the Date It Was Imposed.

Under 18 U.S.C. § 3585(a), a federal sentence commences when the defendant is "received for transportation to or arrives at 'the official detention facility at which the sentence is to be served.'" *Reno v. Koray,* 515 U.S. 50, 58 (1995) (quoting 18 U.S.C. § 3585(a)). A federal sentence cannot commence, however, any earlier than the date on which it was imposed. *Stevenson v. Terrell,* No. 08-cv-6058 (JRT/JJK), 2009 WL 1035161, at *3 (D. Minn. April 16, 2009) (citing *United States v. McLean*, No. 88-5506, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (unpublished); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)). This is true even if the sentence is ordered to run concurrently with a sentence already being served. *Arellano v. Jett*, No. 10-cv-4833 (JNE/LIB), 2011 WL 3759830, at *3 (D. Minn. Aug. 5, 2011), *R. & R. adopted*, 2011 WL 3759814 (D. Minn. Aug. 25, 2011).

Here, Petitioner's federal sentence was imposed on February 10, 2015. That is the earliest possible date his federal sentence could have commenced.

Petitioner suggests that the BOP could find that his sentence commenced on June 19, 2013, through a *nunc pro tunc* designation of the MDOC as his place of federal confinement as of that date. Petitioner contends this would be consistent with the sentencing judge's order that he receive credit toward his federal sentence for the time period between June 19, 2013, and February 9, 2015.

A *nunc pro tunc* designation "refers to the BOP's ability to retroactively designate that a federal inmate's sentence commenced at the state facility in which the inmate served time prior to the federal sentence. Granting such relief causes the federal sentence to run concurrently with the state sentence." *Martinez v. Paul*, No. 18-cv-1260 (JRT/ECW), 2019 WL 2268969, at *2 (D. Minn. May 28, 2019). But a *nunc pro tunc* designation cannot change the sentence commencement date to a date that precedes the imposition of the sentence. *See Richardson v. Outlaw*, No. 2:10-cv-0006-JTR, 2011 WL 671997, at *3 (E.D. Ark. Feb. 17, 2011), *aff'd*, 427 F. App'x 544 (8th Cir. 2011). As a matter of law, the date that a federal sentence is imposed is the earliest possible date that the sentence can commence. *Id.*

        **2.**    **Petitioner's Sentence Did Not Commence When He Was Transferred to Federal Custody Pursuant to the Writ of Habeas Corpus *Ad Prosequendum*.**

Petitioner next suggests that his federal sentence commenced when he was taken into federal custody as a result of the writ of habeas corpus *ad prosequendum*. "Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction." *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013). "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). The first sovereign to take physical custody of a person retains primary jurisdiction until it

relinquishes it, generally in one of the following four ways: "1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence." *Id.*

Notably, the list does not include a writ of habeas corpus *ad prosequendum*. The issuance of this writ does not serve to transfer custody to the federal authorities but merely changes the location of custody. *Munz v. Michael,* 28 F.3d 795, 798 (8th Cir. 1994) (quotation omitted). "If, while under the primary jurisdiction of one sovereign, the a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." *Cole*, 416 F.3d at 896–97.

In Petitioner's case, Missouri was the first sovereign to obtain physical custody of Petitioner. When the United States obtained physical custody of Petitioner pursuant to the writ of habeas corpus *ad prosequendum*, he was simply "on loan" to the United States, while Missouri retained primary jurisdiction. Consequently, Petitioner's federal sentence could not have commenced when he was taken into custody on the writ.

### 3. Petitioner Is Not Entitled to Credit on His Federal Sentence for the Period of Time at Issue.

Title 18 U.S.C. § 3585(b) describes when a defendant may receive credit toward his federal sentence for time spent in custody before the federal sentence commenced:

> (b) Credit for prior custody.–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior the date the sentence commences–
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

8

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

Respondent argues the BOP could not have given credit for the time between June 19, 2013 through February 9, 2015, because this time was already credited toward the state sentence. (Resp't's Resp. at 10–11.)  Under § 3585(b), a defendant cannot receive credit on his federal sentence when he received credit toward his state sentence for the same time period.  *United States v. Kramer,* 12 F.3d 130, 132 (8th Cir. 1993); *accord United States v. Kiefer*, 20 F.3d 874, 875 n.1 (8th Cir. 1994) ("Because the time [the defendant] served in state prison was credited against his Minnesota sentence, he does not appear to be entitled to a sentence credit under § 3585(b), which only allows credit for time 'that has not been credited against another sentence.'") (quotation omitted)).

Because Petitioner already received credit toward his state sentence for the period of time from June 19, 2013, through February 9, 2015, he may not receive credit toward his federal sentence for the same time period.[3]  Section 3585(b)'s express bar on double credit is mandatory and "not a source of discretion for the BOP." *Elwell*, 716 F.3d at 484.  The Court understands Petitioner's frustration that the intention of the federal sentencing court cannot be effected in accordance with § 3585.  But § 3585 does not authorize a court to calculate or award prior-custody credit at sentencing.  *Wilson,* 503 U.S. at 333–35.  Determining credit is the sole responsibility of the Attorney

---

[3]  There is an exception for defendants who served presentence time in official primary federal custody, *see Elwell*, 716 F.3d at 485, but that did not occur here.

General, via the BOP. *Id.* at 335.

## III.   Recommendation

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner DeJuan Ford's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED**;

2. Petitioner's request for an evidentiary hearing be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated:  July 6, 2020                    s/ *Hildy Bowbeer*
                                        HILDY BOWBEER
                                        United States Magistrate Judge


## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).